**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY D. HINES,

    Plaintiff,

    v.

S. ADAMIK, prison guard; J. R. WARD, prison guard; G. FULLER, Lieutenant; M. W. BARKER, Lieutenant; S. PETRAKIS, Associate Warden; JILL L. BROWN, Acting Warden; and JEANNE S. WOODFORD, previous warden,

    Defendants.
                                           /

No. C 04-3859 PJH (PR)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; RULINGS**

This is a civil rights case brought pro se by a state prisoner. In its initial review order the court stated that plaintiff had raised four claims in his complaint: (1) that defendant Adamik retaliated against him for writing a grievance by denying him double portions of food which had been ordered by a doctor, "tampering" with his food, and filing false disciplinary charges; (2) that defendants Brown, Petrakis and Fuller made him exercise in a cage with no water, no toilet, no shower and no sunlight, unlike other occupants of his housing unit; (3) that defendants Ward, Fuller and Barker wrote and filed false disciplinary charges against him as a result of his reporting the abuse of a black inmate; and (4) that defendants Woodford, Brown, Petrakis and Fuller changed his meal service procedure from a "hot cart" to cold meals in retaliation for grievances.[1] The court found the complaint

---

[1] Upon further consideration, the court concludes that this "food service" issue is a claim that plaintiff's Eighth Amendment rights were violated by his being served unhealthy cold food, rather than a retaliation claim as it was described in the order of service. Although plaintiff does mention that the change in policy regarding how the food was served was made after he had filed grievances about the food, he does not, unlike with his other claims, contend

sufficient to require a response and ordered that the defendants be served.  Defendants have moved to dismiss, and several other motions are also before the court for ruling.

**DISCUSSION**

**A.    Motion to dismiss**

Defendants contend that plaintiff failed to exhaust his administrative remedies as to issues one, two and three, and that he has failed to state a claim as to Woodford, Brown and Petrakis.

*1.    Exhaustion*

*a.    Applicable law*

42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Compliance with the exhaustion requirement is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001).

Nonexhaustion under § 1997e(a) is an affirmative defense – defendants have the burden of raising and proving the absence of exhaustion.  *Jones v. Bock*, 127 S. Ct. 910, 919 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment.  *Wyatt*, 315 F.3d at 1119.  In deciding such a motion – a motion to dismiss for failure to exhaust nonjudicial remedies – the court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.[2]  If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal

---

that the change was retaliatory, and he does specifically claim that the change violated his Eighth Amendment rights.

[2]  If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the court must give the prisoner fair notice of his opportunity to develop a record.  *Wyatt*, 315 F.3d at 1120 n.14.  That was done in this case, the warning having been given with the order of service.

2

without prejudice. *Id.* at 1120.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." *See* Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). *See id.* at 1237-38.

An action must be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). However, the PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. *Jones v. Bock*, 127 S. Ct. 910, 925-26 (2007) (rejecting "total exhaustion-dismissal" rule); *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) (same).

*b.     Analysis*

Defendants contend that the first three issues were not administratively exhausted before this case was filed, as required by 42 U.S.C. § 1997e .

Plaintiff's first claim is that defendant Adamik retaliated against him for filing administrative appeals (grievances). Retaliation itself is not, of course, a violation of the Constitution, hence not actionable under Section 1983; but retaliation for the exercise of a

3

constitutional right is actionable, as if it were a violation of the right itself. *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977).  Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972).

Compliance with prison grievance procedures is all that is required by the PLRA to properly exhaust, so the level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 127 S. Ct. 910, 923 (2007).  In California, the regulations permit an administrative appeal to be filed as to "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a)."  As to content, the regulations only instruct the prisoner to "describe the problem and action requested... ."  *Id.* at § 3084.2(a).

Although what would constitute "the problem" might vary depending on the facts of the claim, the court concludes that to exhaust this claim plaintiff had to allege (1) that Adamick denied him double portions of food which had been ordered by a doctor, "tamper[ed]" with his food, or filed false disciplinary charges; and (2) that he did it in retaliation, or because of, plaintiff's having filed grievances.

Adamick has established with declarations and supporting exhibits that only one of plaintiff's grievances, log number 02-02335, contained a contention that Adamick retaliated against him for past inmate grievances, and have established that 02-02335 was not appealed to the third and final level.

In opposition, plaintiff contends that several of his grievances were sufficient to exhaust, pointing to exhibits A and K attached to his opposition.  These grievances do not, however, contain an allegation that Adamick's actions were taken in retaliation for prior grievances.  The other grievances to which plaintiff also refers are complaints about Adamick arising from events other than those which are the basis for this claim.

4

The motion to dismiss will be granted as to claim one against Adamick.

Plaintiff's second claim is that defendants Brown, Petrakis and Fuller made him exercise in a cage with no water, no toilet, no shower and no sunlight, unlike other occupants of his housing unit. Defendants Brown, Petrakis and Fuller have established that plaintiff did not exhaust this issue. In opposition he points to grievance log number 04-1266, but that grievance does not claim retaliation. The motion to dismiss will be granted as to this claim.

Plaintiff's third claim is that defendants Ward, Fuller and Barker wrote and filed a false informational chrono (memo to file) against him as a result of his reporting the abuse of a black inmate. These defendants have established that plaintiff did not exhaust this issue until after he filed this suit. They assert that this claim must be dismissed because exhaustion after filing, rather than before, is not sufficient to comply with 1997e(a). *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see also Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). In opposition, plaintiff contends that he exhausted this claim, but does not address the issue of his having exhausted only after filing suit. The motion will be granted on this claim.

      *c. Plaintiff's other contentions as to exhaustion*

Plaintiff contends that the motion to dismiss is really a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, and that the evidence submitted by defendants in support of the motion may not properly be considered in deciding a motion for summary judgment.

As noted above, a claim of failure to exhaust in a prisoner case is properly brought as defendants have done, in an unenumerated motion under Rule 12(b). *See Wyatt*, 315 F.3d at 1119. Unlike the situation on a motion for summary judgment, in ruling upon an unenumerated motion to dismiss the court can resolve disputed issues of fact based on the evidence before it. *Id.* at 1119-20. Plaintiff's contention that the motion to dismiss really is

5

1  a motion for summary judgment is incorrect.

2  Plaintiff also contends that he does not need to exhaust because he is asking only
3  for damages, citing *Rumbles v. Hill*, 182 F.3d 1064 (9th Cir. 1999). *Rumbles* was
4  overruled by the United States Supreme Court in *Booth v. Churner*, 532 U.S. 731, 739
5  (2001). This contention is without merit.

6  Plaintiff also contends that defendants' exhibits should be stricken as not properly
7  authenticated and as hearsay. The declaration of Denise Dull, the litigation coordinator at
8  San Quentin and the custodian of the files of inmate grievances, is sufficient to authenticate
9  the records and establish that they come within the hearsay exception for records kept in
10 the regular course of business. *See* Fed. R. Evid. 803(6). The motion to strike contained
11 in plaintiff's opposition to respondent's motion to dismiss is denied.

12    *2.   Failure to state a claim*

13 Defendants Brown, Woodford and Petrakis contend that plaintiff has failed to state a
14 claim against them.

15    *a.   Standard*

16 "`[A] complaint should not be dismissed for failure to state a claim unless it appears
17 beyond doubt that the plaintiff can prove no set of facts in support of his claim which would
18 entitle him to relief.'" *Terracom v. Valley National Bank*, 49 F.3d 555, 558 (9th Cir. 1995)
19 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Review is limited to the contents of
20 the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). In
21 addition, the court may take judicial notice of facts that are not subject to reasonable
22 dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint
23 must be taken as true and construed in the light most favorable to the non-moving party.
24 *Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Pro se pleadings
25 must be construed liberally on a defendant's motion to dismiss for failure to state a claim.
26 *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir. 1996).

27    *b.   Analysis*

28 Defendants Brown and Woodford contend that plaintiff has failed to allege any

6

"personal wrongdoing" on their part, and Brown, Woodford and Petrakis contend that plaintiff has failed to sufficiently allege supervisory liability. The court has above concluded that plaintiff's failure to exhaust requires that his first three claims be dismissed, without prejudice but also without leave to amend, meaning that the only claim remaining in this case is the fourth claim, that defendants Woodford, Brown, Petrakis and Fuller violated his Eighth Amendment rights by changing his meal service from a "hot cart" to unhealthy cold meals. Thus the question here is whether plaintiff's contentions as to the fourth issue are sufficient to state a claim against any of the three moving defendants, whether on what might be called a "direct theory" – that they did something that directly violated his rights – or an "indirect theory" – that they adopted a policy that caused the constitutional violation. Fuller does not move to dismiss this claim as to him.

*1. Direct theory*

Only Brown and Woodward make the argument that plaintiff has failed to allege that they were directly involved in the alleged violations of his rights.

Plaintiff alleges in the complaint that he wrote two letters to Woodford when she was warden and that she did not respond to them. He alleges that in one letter he "pleaded to be left alone" and in the other asked Woodford to end the "retaliation" by Ward. These do not relate to the only issue remaining in the case, the contention that a new food policy was unhealthy. Plaintiff has failed to state a claim that Woodford was involved directly in the alleged constitutional violation.

Brown is the current warden. The complaint contains no allegations that she was involved in the events giving rise to the food claim. Her motion to dismiss will be granted as to the claim against her in her individual capacity. The claim for injunctive relief against her in her official capacity will be allowed to proceed so the court can provide such relief if it is justified. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (suit against state official in his or her official capacity is not a suit against the official but rather a suit against the official's office, i.e., the state); *see also Kentucky v. Graham*, 473 U.S. at 165-168 (official capacity suits are suits against entity that individual represents). The Eleventh

Amendment permits suits against state officials in their official capacity for injunctive relief only. *See Will*, 491 U.S. at 71 n.10 (recognizing *Ex parte Young* exception).

*2.     Supervisory liability theory*

This argument is made by Brown, Woodford, and Petrakis.

The theory of respondeat superior, which holds a superior liable for the wrongs of his or her subordinate regardless of the superior's involvement, is not applicable in Section 1983 cases. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Under Section 1983 a supervisor can be held liable only if he or she participated in the violation of constitutional rights, or if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  The latter theory requires evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446.

Plaintiff alleges in the complaint that Petrakis, an associate warden, changed the food service system for death row prisoners such as plaintiff, who eat in their cells.  He alleges that rather than bringing food over from the serving area and keeping it on a "hot cart," which kept it hot, the new system involved making up trays in the food service area, covering them with plastic, then taking them to death row, where they sit without being kept warm until guards serve them.  He asserts that the plastic trays are unclean and that food on them is cold by the time it is served, creating a health hazard.  This is sufficient to state a claim for supervisory liability against Petrakis for implementing a policy which allegedly is unhealthy. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (spoiled food inadequate to maintain health).  Petrakis' motion to dismiss as to this claim will be denied.

Plaintiff's only reference to other defendants in the portion of his complaint devoted to this claim is this sentence:  "Defendant[]s Woodford, Petrakis, Fuller, and Barker have all allowed plaintiff to be served unsanitary food on unclean plastic tray[]s in which [sic] presented a danger to the health and well-being of plaintiff."  The failure to provide any

8

factual allegations as to what role movants Woodford and Barker had in adoption of the new food policy means that plaintiff has not stated a claim against them on the theory that they implemented a policy so deficient as to be a repudiation of constitutional rights. Their motion will be granted.

**B.     Other motions**

Plaintiff requests a temporary restraining order requiring the return of certain legal materials which were seized when he attempted to send them to another inmate by means which violated prison rules. It appears from plaintiff's extensive and well-argued opposition to the motion to dismiss that he no longer is without these, but in any event an injunction cannot be granted which is unrelated to the subject of the litigation, as is the case here. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (party seeking injunctive relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"; prisoner's request for injunction against retaliation for lawsuit was properly denied because not related to medical care issue of complaint). The motion will be denied.

Defendant Petrakis joined in the other defendants' motion for an extension of time, which was granted. Plaintiff's motion for default against Petrakis will be denied.

## CONCLUSION

1.     Plaintiff's motions for a TRO (document number 17 on the docket) and for entry of default against Petrakis (document 26) are **DENIED**. Plaintiff's motion for an extension of time to oppose the motion to dismiss (document 36) is **GRANTED.** The opposition is deemed timely. The motion for stay of discovery (document 34) is **DENIED** as moot.

2.     Defendants' motion to dismiss (document 29) is **GRANTED IN PART** and **DENIED IN PART.** It is **GRANTED** as to plaintiff's first three claims, which are **DISMISSED** without prejudice. The portion of the motion to dismiss in which Woodford contends that plaintiff failed to state against her as to the remaining claim is **GRANTED**. Brown's motion to dismiss the remaining claim against her in her individual capacity is

9

**GRANTED**; it is **DENIED** as to the claim against her in her official capacity.  The motion to dismiss by Petrakis as to the remaining claim is **DENIED**.

3. The only remaining claim is plaintiff's fourth claim, the Eighth Amendment claim regarding cold food.  The defendants on this claim who remain in the case are Brown in her official capacity, Petrakis, and Fuller.

Discovery shall be completed by April 23, 2007.  The dispositive motion deadline is May 21, 2007.  If a dispositive motion is filed, the opposition is due within thirty days of the date the motion is served.  Any reply is due fourteen days from the date the opposition is served.  Any such motion will be considered without oral argument unless the court orders otherwise at a later date.

**IT IS SO ORDERED.**

Dated:  March 12, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.04\HINES859.MDSMSS