UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY D. HINES,

    Plaintiff,

    v.

S. ADAMIK, prison guard; J. R. WARD, prison guard; G. FULLER, Lieutenant; M. W. BARKER, Lieutenant; S. PETRAKIS, Associate Warden; JILL L. BROWN, Acting Warden; and JEANNE S. WOODFORD, previous warden,

    Defendants.

                                   /

No. C 04-3859 PJH (PR)

**ORDER DENYING PLAINTIFF'S MOTIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    This is a civil rights case filed pro se by a state prisoner. The only remaining defendants, Brown, Fuller and Petrakis, have moved for summary judgment. Plaintiff has opposed the motion, and defendants have replied. Plaintiff has also filed several motions. For the reasons set out below, plaintiff's motions will be denied and defendants' motion will be granted.

## BACKGROUND

    Plaintiff originally presented four claims, all of which were allowed to proceed in the court's screening order. Defendants' motion to dismiss was, however, granted in large part, and denied only as to plaintiff's claim that his Eighth Amendment rights were violated by the service of cold food.

## DISCUSSION

**A.   Preliminary Motions**

    Plaintiff moves for appointment of counsel. There is no constitutional right to

counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff appears able to present his claims adequately, and the remaining issue is very simple. The motion for appointment of counsel will be denied.

Plaintiff has filed a motion to recuse the undersigned judge. The court has determined not to recuse because the allegations of bias are grounded on earlier rulings in this case, which is not a proper basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (judicial rulings alone may constitute grounds for appeal, but almost never constitute a valid basis for a bias or impartiality motion). The motion to recuse is therefore frivolous and will be denied. *See* Civil L.R. 3-15.

Plaintiff is a member of the class in a class action brought by prisoners on San Quentin's death row, the subject of which is conditions on death row. *See Lancaster v. Tilton*, No. 79-1630 WHA. Defendants' request to take judicial notice of documents in the *Lancaster* file and documents showing the offenses for which plaintiff is incarcerated, all of which meet the standard for judicial notice, is granted.

Because plaintiff is a member of the *Lancaster* class, his motion for a preliminary injunction cannot be considered in this case. *See McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) (individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir.

1988) (en banc).

Plaintiff's motion to compel and for sanctions, filed more than seven days after the discovery cut-off, will be denied. *See* Civ. L.R. 26-2.

**B.     Defendants' Motion for Summary Judgment**

   **1.     Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

   **2.     Analysis**

The remaining claim in the case is plaintiff's Eighth Amendment claim regarding cold food. The defendants on that claim are Brown in her official capacity, Petrakis, and Fuller. Those defendants have moved for summary judgment.

   **a.     Objections to Summary Judgment Materials**

Both the plaintiff and the defendants have filed objections to some of the evidentiary materials relied upon by the other side. The objections will be considered below to the extent the court relies on objected-to materials.

///

### b.  Injunctive Relief

As to defendant Brown, only plaintiff's injunctive relief claim remains. The claims against the other two defendants, Fuller and Petrakis, are for both injunctive relief and damages. As discussed above, the injunctive relief claims cannot be pursued here because plaintiff is a member of the class in *Lancaster v. Tilton*, where his claim not only could be raised, but in fact was raised and rejected.

In *Lancaster* a consent decree was entered in 1980 which included a provision apparently requiring the use of hot carts. *Lancaster*, "Order Granting In Part and Denying in Part Motion to Terminate Consent Decree... " (Dec. 21, 2007) at 11. On December 21, 2007, the *Lancaster* court entered an order ruling on those parts of the State's motion to terminate the consent decree that did not require an evidentiary hearing. The court terminated the "hot cart" provision, concluding that as to the hots carts the consent decree goes "well beyond what the Eighth Amendment requires," that there is no constitutional right to hot food, and that room temperature food is sufficient for health. *Id.* The State has filed a notice of appeal in *Lancaster* from a February 15, 2008, order granting in part and denying in part the rest of the motion to terminate the consent decree. No final judgment has been entered in the case. The rule therefore remains applicable that separate claims for injunctive relief cannot be maintained when there is a class action pending which involves the same subject matter.

The injunctive relief claims against the movants will be dismissed. *See McNeil*, 945 F.2d at 1165; *Gillespie*, 858 F.2d at 1103.

### c.  Damages Claim

Plaintiff contends that his Eighth Amendment rights were violated by adoption and implementation of a new procedure for feeding death row inmates. He asserts that as a result of the new procedure the food was not as hot as it should have been and that it was unhealthy.

The Eighth Amendment imposes the duty upon prison officials to provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation,

4

1 medical care and personal safety.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  A prison
2 official violates the Eighth Amendment when two requirements are met: (1) the deprivation
3 alleged must be, objectively, sufficiently serious, *id.* at 834 (citing), and (2) the prison official
4 possesses a sufficiently culpable state of mind, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S.
5 294 at 297- 98 (1991)).

6    As to the first prong of the *Farmer* test, there is no genuine issue of material fact as
7 to whether the alleged deprivation was sufficiently serious – under the undisputed facts, it
8 was not.

9    First, it is not an Eighth Amendment violation for food not to be served hot.  "Extreme
10 deprivations are required to make out a conditions-of-confinement claim. Because routine
11 discomfort is part of the penalty that criminal offenders pay for their offenses against
12 society, only those deprivations denying the minimal civilized measure of life's necessities
13 are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v.*
14 *McMillian*, 503 U.S. 1, 1000 (1992) (interal quotation marks and citations omitted).  The
15 Eighth Amendment requires only that prisoners receive food that is adequate to maintain
16 health; it need not be tasty or aesthetically pleasing. *LeMaire v. Maass*, 12 F.3d 1444,
17 1456 (9th Cir. 1993).  "'The fact that the food occasionally contains foreign objects or
18 sometimes is served cold, while unpleasant, does not amount to a constitutional
19 deprivation.'" *Id.* (quoting *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985),
20 *cert. denied*, 475 U.S. 1096 (1986)).  In sum, even if the food was not served hot, that was
21 not a constitutional violation.

22    Second, defendants have met their burden of pointing to materials showing that
23 there is no genuine issue of material fact as to whether the food was unhealthy, for
24 instance by providing a doctor's declaration that plaintiff's medical records reveal no food-
25 related health issues, and that he weighs the same as he did when he entered the prison.
26 Decl. Williams at ¶ ¶ 3-7.[1]  Although plaintiff contends in response that he has had a

---

[1] Plaintiff objects to this declaration, as he does the others, but provides no specifics saying what it is about the Williams declaration which he finds objectionable.  The objections therefore are overruled.

5

number of illnesses, decl. Hines, ex. J at 15, he has not provided any competent evidence linking his episodes of nausea and vomiting to the food. There thus is no genuine issue of material fact on this point. Given that the alleged deprivation, if there was one, was not sufficiently serious to implicate the Eighth Amendment, the motion for summary judgment will be granted.

## CONCLUSION

1. Plaintiff's motions for counsel (document number 56 on the docket), for a preliminary injunction (document 55), for sanctions (document 64), and to recuse (document 80) are **DENIED.**

2. Defendants' motion for summary judgment (document 69) is **GRANTED**. This case is **DISMISSED** with prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 26, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.04\HINES859.MSJ2.wpd